UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELANDO D. HUNTER,

        Petitioner,               Case Number: 2:18-CV-11117
                                                  HON. NANCY G. EDMUNDS

v.

DANIEL LESATZ,

        Respondent.
_____/

**ORDER CONSTRUING MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION, DENYING RECONSIDERATION, AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

        Petitioner Felando D. Hunter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 30, 2020, the Court denied the petition and denied a certificate of appealability. (*See* ECF No. 11.) Petitioner has now filed a Motion for Certificate of Appealability (ECF No. 15) and an Application to Proceed on Appeal Without Prepayment of Fees and Costs (ECF No. 14). Because the Court already denied a certificate of appealability, the Court construes Petitioner's motion as requesting reconsideration of its decision and denies reconsideration. The Court grants Petitioner leave to proceed *in forma pauperis* on appeal.

        Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R.

7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court denied a certificate of appealability (COA) because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's motion simply reasserts arguments advanced in his petition and, therefore, fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3) ("[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues relied upon by the Court, either expressly or by reasonable implication."). The Court's decision denying a COA was not based upon a palpable defect by which the Court was misled and the Court will deny the motion.

Also before the Court is Petitioner's request to proceed *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). While the Court

held that jurists of reason would not find the Court's decision that the petition was meritless to be debatable or wrong, the Court finds that an appeal may be taken in good faith.

Accordingly, the Court DENIES Petitioner's Motion for Certificate of Appealability (ECF No. 15), which the Court has construed as a Motion for Reconsideration. The Court GRANTS Petitioner's Application to Proceed on Appeal Without Prepayment of Fees and Costs (ECF No. 14).

SO ORDERED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

DATED: January 5, 2021